IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CORBY SARGENT,

        Petitioner,                    No. CIV S-08-3157 MCE EFB P

    vs.

MICHAEL MARTELL,

        Respondent.              FINDINGS AND RECOMMENDATIONS

                            /

       Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging a 2008 denial of parole. On August 31, 2009, respondent filed a motion to dismiss the petition, arguing that petitioner's claims are unexhausted. On September 14, 2009, petitioner filed a response to the motion, wherein he conceded that his claims are unexhausted and requested that the petition be stayed while he returns to state court to exhaust his state remedies. For the reasons stated below, the court recommends that respondent's motion to dismiss be granted, and petitioner's motion to stay be denied.

       A district court may not grant a petition for a writ of habeas corpus unless the petitioner has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1). A state will not be deemed to have waived the exhaustion requirement unless the state, through counsel, expressly waives the requirement. 28 U.S.C. § 2254(b)(3).

1    Exhaustion of state remedies requires that petitioners fairly present federal claims to the
2 highest state court, either on direct appeal or through state collateral proceedings, in order to give
3 the highest state court "the opportunity to pass upon and correct alleged violations of its
4 prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (some internal quotations
5 omitted). "[A] state prisoner has not 'fairly presented' (and thus exhausted) his federal claims in
6 state court unless he specifically indicated to that court that those claims were based on federal
7 law." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *amended by*, 247 F.3d 904 (9th Cir.
8 2000). "[T]he petitioner must make the federal basis of the claim explicit either by citing federal
9 law or the decisions of federal courts, even if the federal basis is self-evident . . . ." *Id.* (citations
10 omitted); *see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) ("a claim for relief in habeas
11 corpus must include reference to a specific federal constitutional guarantee, as well as a
12 statement of the facts that entitle the petitioner to relief"); *Duncan*, 513 U.S. at 365-66 (to
13 exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting
14 claims under the United States Constitution").

15    The court may stay a mixed petition, i.e., one containing exhausted and unexhausted
16 claims, to allow a petitioner to present unexhausted claims to the state courts. *Rhines v. Weber*,
17 544 U.S. 269, 277 (2005). A court may not, however, stay a completely unexhausted petition.
18 *Jiminez v. Rice*, 276 F.3d 476, 481 (9th Cir. 2001) (court must dismiss petition containing no
19 exhausted claims).

20    In the instant petition, petitioner raises three grounds for relief. Pet. at 5-6. He raised
21 these same grounds for relief in a petition for review by the California Supreme Court. Resp.'s
22 Mot. to Dism. ("Mot."), Ex. A (copy of petition for review). However, as respondent argues,
23 and as petitioner concedes, petitioner failed to present the federal basis of his claims to the state
24 courts. Mot. at 2-3; Pet'r's Resp. to Mot. ("Resp.") at 3. In his petition for review, petitioner did
25 not discuss federal law and cited only to state case law and state statutes. Mot., Ex. A. While
26 petitioner referenced a "liberty interest" and claimed that his "due process" rights were violated,

he did not indicate that those claims were grounded in federal law. Mot., Ex. A at 6, 8. Unfortunately for petitioner, the exhaustion requirement is not subject to the same rules of liberal construction that pertain to a Rule 12(b)(6) motion to dismiss for failure to state a claim. Thus, while it might seem apparent that petitioner intended to include a claim under the Fourteenth Amendment of the United States Constitution, the court may not supply for the petitioner text that he failed to include in his petition before the state court. The Ninth Circuit has made clear that to satisfy the exhaustion requirement the petition submitted to the state court "must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is self-evident . . . ." *Lyons v. Crawford*, 247 F.3d at 668. His state petition failed to do so. Thus, petitioner failed to alert the state court that he was asserting claims under the United States Constitution, and the instant petition is therefore unexhausted. Petitioner requests that this court stay the petition while he exhausts his claims in state court. Resp. at 1. Since none of petitioner's claims are exhausted, however, the petition must be dismissed.[1] *See Jiminez*, 276 F.3d at 481.

Accordingly, it is hereby RECOMMENDED that:

1. Respondent's August 31, 2009 motion to dismiss be granted;

2. Petitioner's September 14, 2009 motion to stay the petition be denied; and

3. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

---

[1] Petitioner is cautioned that a one-year statute of limitations applies to the filing of a non-capital habeas corpus petition in federal court. *See* 28 U.S.C. § 2244(d)(1). When a state prisoner challenges an administrative decision, the one-year period of limitation begins to run on the date on which the factual predicate of the claims presented could have been discovered through the exercise of due diligence. *Shelby v. Bartlett*, 391 F.3d 1061, 1066 (9th Cir. 2004); *Redd v. McGrath*, 343 F.3d 1077, 1082-83 (9th Cir. 2003).

1  "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections
2  within the specified time may waive the right to appeal the District Court's order. *Turner v.*
3  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In
4  his objections, petitioner may address whether a certificate of appealability should issue in the
5  event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing
6  Section 2254 Cases (the district court must issue or deny a certificate of appealability when it
7  enters a final order adverse to the applicant).

8  Dated: December 18, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4